IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KELLEY STREICHERT,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. <u>3:22-cv-1171</u>** |
| § | |
| **CHILDREN'S HEALTH CLINICAL** § | |
| **OPERATIONS D/B/A CHILDREN'S** § | |
| **MEDICAL CENTER OF DALLAS** § | |
| § | |
| Defendant. § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW Kelley Streichert ("Streichert" or "Plaintiff") complaining of Defendant Children's Health Clinical Operations d/b/a Children's Medical Center of Dallas ("Defendant"), and for causes of action would respectfully show the Court as follows:

### I.

### Introduction

1.01 After seventeen (17) years of loyal and superior service, Defendant terminated Plaintiff's employment for issues directly related to Plaintiff's religious beliefs. Such termination violates Plaintiff's rights under Title VII and Chapter 21 of the Texas Labor Code, and caused Plaintiff to suffer lost wages, emotional distress, and damage to her professional reputation.

### II.

### Parties

2.1   Plaintiff Kelley Streichert, an individual who resides at 3104 Waterside Drive, Arlington, Texas 76012, is currently a citizen of the State of Texas.

2.2     Defendant, Children's Health Clinical Operations d/b/a Children's Medical Center of Dallas ("Defendant") is a Texas Domestic Nonprofit Corporation with its principal offices located at 1935 Medical District Drive, Dallas, Texas 75235.  Defendant may be served by delivering a copy of this complaint and a summons to its registered agent for service of process, C T Corporation System, who is located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.

## Jurisdiction and Venue

3.1     The Defendant maintains its principal place of business in Dallas, Texas, which is within the Northern District of Texas. Such Defendant therefore has significant contacts with the Northern District of Texas that justifies jurisdiction in this forum.

3.2     Pursuant to 28 U.S.C. §1331, jurisdiction lies in the United States District Court for the Northern District of Texas because this action involves a question of the application of federal law, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").  The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

3.3     Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391.

## IV.

## Background Facts

4.1     Plaintiff worked for Defendant for approximately 17 years.  Her final position with Defendant was as a Concierge. Throughout her employment with Defendant, Plaintiff met or exceeded expectations.

4.2     Plaintiff is a Christian and member of the Highland Park Presbyterian Church.

Plaintiff holds a firm and sincere belief that she must keep her body holy and clean from blemish or any type of defilement.

4.3  In March 2020, the COVID pandemic broke out in the United States.

4.4  Following the outbreak, Defendant directed Plaintiff to take the COVID vaccine as a condition of continued employment. Plaintiff promptly filed a request for an exemption of this mandate based upon religious grounds.

4.5  Despite her timely request for a religious exemption, Defendant declined to grant Plaintiff a religious exemption.

4.6  On September 26, 2021, Plaintiff filed a timely appeal of the denial of her exemption request. In her appeal, Plaintiff expressed her serious concern that she may be terminated for refusing to take the vaccine.

4.7  Plaintiff sent three (3) notices of appeal over the denial of her religion exemption to Defendant but received no response to any of the three notices.

4.8  During this same time frame, Plaintiff had applied for the position of Operating Room Periop Support Technician. This was a higher paying position for which Plaintiff was fully qualified. If Plaintiff had obtained this position, she would not only have received more pay and responsibility, but she would have also received a regular schedule that would have allowed Plaintiff to better provide for her family.

4.9  On September 29, 2021, Plaintiff had no option but to turn down the position of Operating Room Periop Support Tech because her exemption remained denied, and Defendant provided no response to Plaintiff's repeated appeal requests.

4.10  On October 10, 2021, Governor Greg Abbott issued an order banning all vaccine mandates. In response to this order, Defendant temporarily ceased its vaccine mandate efforts.

4.11    On October 12, 2021, Plaintiff sent another email to Defendant, appealing the denial of her Vaccine exemption, but received no response from the October 12, 2021 request.

4.12    On November 10, 2021, Plaintiff sent an email to Defendant referring to the CMS guideline that employees receive their first vaccine dose by December 5, 2021, and be fully vaccinated by January 4, 2022, with enforcement beginning January 4, 2022.

4.13    On November 22, 2021, Defendant Issued another general email stating:

> "After further consideration… we are making the following adjustments… Effective Wednesday, November 24, Children' Health will enforce the requirement that all team members are required to receive the COVID -19 vaccine and be fully vaccinate unless team members have an approved exemption or deferral."

> "Team members who are not fully vaccinated and do not have an approved deferral or exemption will be terminated effective November 24, 2021".

Plaintiff was off work on November 22, 2021 and November 23, 2021, and did not check her email during this time.

4.14    On November 23, 2021, Plaintiff received a call from Defendant's Human Resource Department ("HR") informing Plaintiff that she was receiving a 24-hour notice that she was being terminated effective November 24, 2021.  Plaintiff tried to explain to HR that she had filed an appeal from the original exemption denial but had not received any response. Plaintiff also reminded HR of her 17 years' seniority. HR promised Plaintiff that the matter would be investigated, but Plaintiff revied no further communication from HR.  Defendant proceeded with terminating her on November 24, 2021, the day before Thanksgiving.

## V.

## Count One

### Religious Discrimination

5.1    Plaintiff incorporates the foregoing paragraphs as if set forth herein verbatim.

5.2     Plaintiff was an employee within the meaning of Title VII and the TCHRA and belongs to a class protected under the statute. 42 U.S.C. §2000e(f); Texas Labor Code §21.051.

5.3     Defendant is an employer within the meaning of Title VII and the TCHRA. 42 U.S.C. §2000e(b); Tex. Lab. Code §21.002(8). In particular, Defendant employs more than fifteen (15) employees within the current calendar year.

5.4     Defendant intentionally discriminated against Plaintiff because of her sincerely held religious beliefs in violation of Title VII and the TCHRA, and ignored her beliefs by requiring her to take a vaccine that violated her religious beliefs.

5.5     Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

5.6     Plaintiff is entitled to an award of attorney's fees and costs under Title VII and the TCHRA, including expert costs.

## VI.

## Jury Demand

6.01    Plaintiff demands trial by jury for all claims made herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant.

(1)     Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity and past and future medical expenses;

(2) Judgment for any bonus or additional income from lost opportunities that Plaintiff was denied;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(4) Damages for past and future mental anguish and emotional distress and physical distress;

(5) Exemplary damages in an amount to be determined by the trier of fact;

(6) An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(7) An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which he was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(8) Pre-judgment and Post-judgment interest at the maximum legal rate;

(9) Attorneys' fees;

(10) Experts' fees;

(11) All costs of court; and

(12) Such other and further relief to which Plaintiff may be justly entitled.

Dated: June 8, 2022.                    Respectfully submitted,

                                            **KILGORE & KILGORE, PLLC**

                                  By:   */s/* Nicholas A. O'Kelly
                                        **Nicholas A. O'Kelly**
                                        Texas State Bar No. 15241235
                                        nao@kilgorelaw.com
                                        **Clark B. Will**
                                        Texas State Bar No. 21502500
                                        cbw@kilgorelaw.com
                                        Law Office of Clark B. Will, PC, Firm Member
                                        3141 Hood Street, Suite 500
                                        Dallas, Texas 75219
                                        (214) 969-9099 - Telephone
                                        (214) 953-0133 – Facsimile

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **KELLEY STREICHERT**