IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLEY STREICHERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-01171-B |
| | § | |
| CHILDREN'S HEALTH CLINICAL | § | |
| OPERATIONS D/B/A CHILDREN'S | § | |
| MEDICAL CENTER OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT

Defendant Children's Health System of Texas, incorrectly identified as Children's Health Clinical Operations d/b/a Children's Medical Center of Dallas ("Defendant") files its Original Answer to Plaintiff's First Amended Complaint ("Complaint") and respectfully states the following:

### A.   PLAINTIFF'S FIRST AMENDED COMPLAINT

#### I.

#### Introduction

1.01   Defendant admits Plaintiff worked for Defendant for approximately 17 years, and that Defendant terminated Plaintiff's employment on November 24, 2021. Defendant denies the remaining allegations in paragraph 1.01 of the Complaint, and denies it is liable to Plaintiff.

#### II.

#### Parties

2.1   Defendant is without sufficient information to admit or deny the allegations in paragraph 2.1 of the Complaint, and for this reason, Defendant denies the allegations.

2.2     Defendant admits the allegations in paragraph 2.2 of the Complaint.

### III.

### Jurisdiction and Venue

3.1     Defendant admits the allegations in paragraph 3.1 of the Complaint.

3.2     Defendant does not dispute that the Court has jurisdiction over this matter.

3.3     Defendant does not dispute that venue is proper.

### IV.

### Background Facts

4.1     Defendant admits the allegations in paragraph 4.1 of the Complaint.

4.2     Defendant is without sufficient information to admit or deny the allegations in paragraph 4.2 of the Complaint, and for this reason, Defendant denies the allegations.

4.3     Defendant admits that the COVID-19 pandemic began in the United States in early 2020.

4.4     Defendant admits that it adopted a COVID-19 vaccine policy in August, 2021 and required all employees to receive the vaccine by October 1, 2021, subject to certain exemptions. Defendant denies that Plaintiff "promptly filed a request for an exemption." Defendant admits Plaintiff submitted an exemption to the vaccine mandate based on religious grounds after the original deadline as requested by Defendant, and after she sent an email to Defendant stating that she did not "want[] to take the vaccine because [she] want[s] to start trying to have another baby in the next few months."

4.5     Defendant denies Plaintiff's request for an exemption was "timely," as explained in paragraph 4.4 above. Defendant admits it denied Plaintiff's request for a religious exemption to its COVID-19 vaccine policy.

4.6     Defendant denies the allegations in paragraph 4.6 of the Complaint, as Defendant did not have a COVID-19 vaccine policy appeals process.

4.7     Defendant denies the allegations in paragraph 4.7 of the Complaint, as Defendant did not have a COVID-19 vaccine policy appeals process.

4.8     Defendant admits Plaintiff applies for an Operating Room Periop Support Technician position, but denies Plaintiff was "fully qualified" as she did not meet Defendant's vaccine or exemption requirement. Defendant is without sufficient information to admit or deny if Plaintiff "would have allowed [her] to better provide for her family," and for this reason, Defendant denies the allegation.

4.9     Defendant admits that Plaintiff did not receive the Operating Room Periop Support Technician position and that Defendant denied her exemption request. Defendant denies the remainder of the allegations in paragraph 4.9 in the Complaint.

4.10    Defendant admits that on October 11, 2021 Governor Greg Abbott issued Executive Order No. GA-40, which prohibited entities in Texas from compelling receipt of a COVID-19 vaccine by an individual. Defendant further admits that in response to this Order, Defendant temporarily ceased its vaccine mandate efforts. Defendant denies the remainder of the allegations in Paragraph 4.10 in the Complaint.

4.11    Defendant admits that on October 12, 2021, Plaintiff sent an email to Defendant. Defendant denies the remaining allegations in paragraph 4.11 of the Complaint.

4.12    Defendant denies the allegations in paragraph 4.12 of the Complaint.

4.13    Defendant admits it sent all employees an email that included the quoted language in paragraph 4.13 of the Complaint, and further admits Plaintiff worked her last shift at Defendant

on November 20, 2021. Defendant denies Plaintiff "did not check her email on November 22, 2021 and November 23, 2021."

4.14 Defendant admits it terminated Plaintiff's employment effective November 24, 2021, that a member of Defendant's human resources department called Plaintiff to inform her of this decision, and that Plaintiff alleged that she filed an "appeal" to Defendant's denial of her exemption request. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 4.14 of the Complaint, and for this reason, Defendant denies the allegations.

## V.

### Count One

### Religious Discrimination

5.1 Defendant incorporates the foregoing paragraphs as if set forth herein verbatim.

5.2 Defendant admits the allegations in paragraph 5.2 of the Complaint.

5.3 Defendant admits the allegations in paragraph 5.3 of the Complaint.

5.4 Defendant denies the allegations in paragraph 5.4 of the Complaint.

5.5 Defendant denies the allegations in paragraph 5.5 of the Complaint.

5.6 Defendant denies the allegations in paragraph 5.6 of the Complaint.

## VI.

### Jury Demand

6.01 Defendant does not dispute that Plaintiff demands a trial by jury.

The unnumbered paragraph under the "Jury Demand," including subparagraphs (1) through (12) does not require an admission or denial by Defendant. However, in the event the

unnumbered paragraph under the "Judy Demand," including subparagraphs (1) through (12) is construed to include allegations, Defendant denies the allegations and denies it is liable to Plaintiff.

## B. AFFIRMATIVE AND OTHER DEFENSES

Defendant sets forth its defenses, including affirmative defenses, as follows:

1. Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

2. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

3. Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

4. Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and common law.

5. All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory reasons.

6. Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

7. Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

8. Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

9. With respect to some or all of Plaintiff's claims, the Complaint fails to state a claim upon which relief may be granted.

10. At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

11. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

12. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any charge(s) of discrimination Plaintiff filed with the EEOC or TWC.

13. As a result of Plaintiff's unreasonable delay in asserting Plaintiff's rights, Defendant has suffered a good faith change of position to Defendant's detriment. Therefore, whatever right Plaintiff might otherwise have had to bring a timely action against Defendant is barred by laches.

14. If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course

and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

15. Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

16. Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

17. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

18. Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Original Complaint with prejudice, award Defendant its costs and attorneys' fees incurred in this action, and award it any such other relief that this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Jamie B. Ashton*
Jamie B. Ashton
Texas Bar No. 24087211
jamie.ashton@ogletreedeakins.com
Janet L. Smith
Texas Bar No. 24089755
janet.smith@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on 30th day of June, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to counsel of record:

Nicholas A. O'Kelly
KILGORE & KILGORE, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
nao@kilgorelaw.com

/s/ *Jamie B. Ashton*
Jamie B. Ashton